UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY TYREE BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON et al.,<br><br>  Defendants. | CASE NO. C14-5524 RJB-JRC<br><br>ORDER |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff paid the full filing fee and is not proceeding in forma pauperis. Defendants have filed a motion to dismiss (Dkt. 9). In response to defendants' motion plaintiff filed a motion to amend his complaint (Dkt. 14). Plaintiff filled out the prison form complaint that refers the Court to a lengthy attached complaint (*id*). Defendants object to the proposed amendment of the complaint (Dkt. 18). Plaintiff has filed a reply (Dkt. 19). The Court has reviewed the record and the proposed complaint.

Defendants' motion to dismiss (Dkt. 9), will not be considered at this time and the Court directs the Clerk's office to remove the motion from the Court's calendar. The Court will allow

1  plaintiff to file an amended complaint because leave to amend should be freely given.  *See* Fed.
2  R Civ P. 15(a)(2).  Failure to allow a plaintiff to amend when faced with a motion to dismiss is
3  improper if the plaintiff may state a cause of action. "Unless it is absolutely clear that no
4  amendment can cure the defect …, a pro se litigant is entitled to notice of the complaint's
5  deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Department*
6  *of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith*, 203 F.3d
7  1122, 1126, 1131 (9th Cir. 2000) (en banc).

8      However, the Court will not accept plaintiff's proposed amended complaint because it is
9  not a short, plain statement of the claim and it does not comply with Fed. R. Civ P. 8(a).  The
10 complaint is an attempt to raise issues dating back over twenty years and names persons who did
11 not take action within the Western District of Washington (Dkt. 14-2).  Plaintiff seeks to hold a
12 number of defendants liable for actions that allegedly took place in Eastern Washington (Dkt.
13 14-2, p. 4) (plaintiff alleges that Larry Kincheloe and John Lambert were superintendents at the
14 Washington State Penitentiary).  Plaintiff raises allegations against a number of persons who
15 work at the Airway Heights Correction Center (*id*. at. 5). In order to file in this jurisdiction,
16 plaintiff must limit his complaint to actions taken against him in this court's jurisdiction and he
17 must clearly set forth what action a particular defendant took that allegedly violated plaintiff's
18 constitutional rights.

19     Plaintiff filed his original complaint on June 30, 2014.  The Court orders plaintiff to file a
20 second amended complaint limiting his action to the time frame between June 30, 2011 and June
21 30, 2014. The federal civil rights act does not contain a statute of limitation and the federal
22 courts borrow the statute of limitations from the state.  The appropriate statute of limitations for a
23 42 U.S.C. § 1983 claim is the forum state's statute of limitations for tort actions.  *Wilson v.*
24

ORDER - 2

1  *Garcia*, 471 U.S. 261, 269 (1985).  The statute of limitations for tort claims in Washington is
2  three years from the date of filing.  RCW § 4.16.080(2).
3     Also, plaintiff's complaint must be limited to actions taken by defendants in the Western
4  District of Washington.  Plaintiff is instructed to use the form provided by the Court for a Civil
5  Rights Action.
6     Plaintiff has until January 2, 2015, to file his proposed amended complaint.  Failure to
7  file a complaint that contains a short plain statement of the claims or failure to comply with this
8  order will result in a Report and Recommendation that this action be dismissed.
9     Dated this 8th day of December, 2014.

J. Richard Creatura
United States Magistrate Judge