1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  GREGORY TYREE BROWN,

11                    Plaintiff,

12       v.

13  STATE OF WASHINGTON et al.

14                    Defendants.

CASE NO. C14-5524 RJB-JRC

ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT.

15   The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

16  Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

17  636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

18   Defendants have filed a motion to dismiss plaintiff's second amended complaint for

19  failure to state a claim (Dkt. 23). Defendants' motion to dismiss goes beyond challenging the

20  sufficiency of plaintiff's complaint.

21
22
23
24

1     Defendants argue that the policy they have put in place that allows plaintiff to practice his
2  religion by burning hair that he has shed is constitutional (Dkt. 23, pp. 16-19). Thus, defendants
3  are arguing the merits of the case regarding this claim. Defendants also argue the merits of
4  plaintiff's medical claim by arguing that plaintiff's aliments are self diagnosed (Dkt. 23, p. 19).

5     Plaintiff has responded and placed before the Court a large number of exhibits (Dkt. 28-
6  1). These exhibits go beyond what a Court can consider as a motion to dismiss. The Court will
7  consider plaintiff's exhibits; therefore, the Court converts defendants' motion to dismiss to a
8  motion for summary judgment.

9     When the Court considers a motion to dismiss for failure to state a claim, the Court may
10 not look outside the pleadings without converting the motion to a motion for summary judgment
11 and giving the parties the opportunity to submit additional briefing. *Garaux v. Pulley*, 739 F.2d
12 437, 438 (9th Cir. 1984).

13    The Court is required either to refuse to consider the exhibits, or to convert the motion to
14 dismiss into a motion for summary judgment. *Id*. The Court will consider plaintiff's exhibits
15 (Dkt. 28-1). Therefore, the Court converts defendant's motion to dismiss to a motion for
16 summary judgment. The parties must be given notice and an opportunity to amend or supplement
17 the filings. *Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir. 1984).

18    Defendants' optional additional briefing will be due on or before June 5, 2015. Plaintiff's
19 optional responsive briefing will be due on or before June 12, 2015. Defendants' dispositive
20 motion, (Dkt. 23), is re-noted on the Court's own motion for June 19, 2015.

21                    <u>Warnings regarding dispositive motions</u>

22    The Court again warns plaintiff that Fed. R. Civ. P. 56 requires a nonmoving party to
23 submit affidavits or other evidence in opposition to a motion for summary judgment if the
24

1 moving party has shown the absence of issues of material fact and an entitlement to judgment as
2 a matter of law. A nonmoving party may not rest upon the mere allegations or denials in prior
3 pleadings. Rather, successful opposition to a motion for summary judgment requires the
4 nonmoving party to set forth, through affidavits or other evidence, specific facts showing a
5 genuine issue for trial. Failure by the nonmoving party to oppose a summary judgment motion or
6 to present counter evidence could result in the Court accepting the moving party's evidence as
7 the truth, and entering final judgment in favor of the moving party without a full trial. *Rand v.*
8 *Rowland*, 113 F.3d 1520 (9th Cir. 1997).

9   Dated this 29th day of April, 2015.

_____
J. Richard Creatura
United States Magistrate Judge