UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY TYREE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. 14-5524 RJB-JRC<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura (Dkt. 42) and Plaintiff's Motion for Appointment of Counsel (Dkt. 56). The Court has considered the Report and Recommendation (Dkt. 42), pleadings filed regarding both parties' objections to the Report and Recommendation, the pleadings filed regarding Plaintiff's motion, and the remaining record.

In this civil rights case, Plaintiff, a *pro se* prisoner, asserts claims for violations of his First, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983 and for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA") and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA").  Dkt. 21.  Plaintiff also makes state law claims. *Id.*

## I.     FACTS

The background facts and procedural history are in the Report and Recommendation (Dkt. 42, at 1-7) and are adopted here.

The Report and Recommendation recommends the Court grant, in part, and deny, in part, the Defendants' motion for summary judgment (Dkt. 35).  Dkt. 42.  It urges dismissal of all claims except Plaintiff's claims under RLUIPA based on whether defendants State of Washington and the Department of Corrections ("DOC") substantially burdened Plaintiff's ability to exercise his religious beliefs by not allowing him to personally burn his discarded hair and whether or not the accommodation developed to allow Plaintiff to dispose of his hair twice a month by handing it over to prison officials was the least restrictive means of furthering a compelling governmental interest.  *Id.*  It also recommends denial of the motion to summarily dismiss Plaintiff's claims under the ADA and RA based on discrimination due to his alleged chronic fatigue syndrome ("CFS").  *Id.*  The Report and Recommendation urges the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *Id.*

The State filed objections to the portion of the Report and Recommendation that Plaintiff be allowed to proceed on his RLUIPA, ADA and RA claims.  Dkt. 48.  Plaintiff also filed objections to the Report and Recommendation.  Dkts. 54 and 59.  Plaintiff's Motion for Appointment of Counsel (Dkt. 56) is also pending.

Plaintiff's Motion for Appointment of Counsel (Dkt. 56) should be considered first, then Defendants' and Plaintiff's objections to the Report and Recommendation. Dkts. 48, 54 and 59.

## II.    DISCUSSION

### A.  PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel.  Under Section 1915, the court may appoint counsel in exceptional circumstances.  *Franklin v. Murphy*, 745 F.2d 1221,1236 (9th Cir. 1984).  To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In his Motion for Appointment of Counsel, Plaintiff "respectfully request[s] the Court appoint counsel pursuant to 28 U.S.C. § 1915(e) for the limited purposes of responding to the Magistrate Judge's reference to court opinions that are not accessible to Plaintiff."  Dkt. 56.  Plaintiff identifies those cases as *Townsend v. Munden,* 2011 WL 666373 (W.D. Wash, Feb. 14, 2011) and *Wright v. Shapirshteyn,* 2009 Wl 361951 (E.D. Cal. Feb. 12, 2009).  Dkt. 56-1.  Plaintiff argues that these unpublished cases are unavailable in the prison library.

Plaintiff's Motion for Appointment of Counsel (Dkt. 56) should be denied.  Plaintiff was not found indigent in this case – he paid the filing fee.  He has not shown that he is "unable to afford counsel."  Further, his motion is moot.  In its Response, the state indicates that it mailed Plaintiff a copy of both those cases.  Dkt. 58.

### B.   DEFENDANTS' OBJECTIONS TO RLUIPA CLAIM

RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person -
>
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

U.S.C. § 2000cc–1(a). "Religious exercise" is defined in RLUIPA as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Once a plaintiff establishes that a government practice or policy has imposed a substantial burden on their religious exercise, defendants must prove the burden both "furthers a compelling governmental interest and is the least restrictive means of achieving that interest." *Warsoldier v. Woodford*, 418 F.3d 989, 994–995 (9th Cir.2005). "The Act's standard of compelling government interest was intended by Congress to be applied with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)(*internal quotations omitted*).

      The Report and Recommendation (Dkt. 42) should be adopted as to Plaintiff's RLUIPA claim, except that Plaintiff's claim for injunctive relief against DOC and the State of Washington should also be dismissed. The Report and Recommendation recommends dismissal of Plaintiff's claim for damages under RLUIPA, but recommends that his claim for injunctive relief against DOC and the State of Washington under RLUIPA not be dismissed. Dkt. 42. The Report and Recommendation urges a finding that: (1) Plaintiff has carried his initial burden: that there are issues of fact as to whether Defendants have substantially burdened his ability to exercise his religious beliefs and (2) though Defendants have shown a compelling governmental interest regarding a prisoner's access to incendiary devices and possession of contraband (human hair), Defendants have not "presented evidence regarding consideration of a less restrictive measure before opting to develop the accommodation for plaintiff." Dkt. 42, at 41.

ORDER ON REPORT AND
RECOMMENDATION- 4

Defendants object to the recommendation that Plaintiff's claim for injunctive relief against DOC and the State of Washington not be dismissed. Dkt. 48. Defendants' objections have merit.

Defendants' indirect attacks on whether Plaintiff's request to burn his own hair is a "religious exercise" or "religious practice" (and entitled to accommodation under RLUIPA), have merit. Aside from Plaintiff's self serving affidavits, he has presented no evidence, despite having ample opportunity, to present evidence that his desire to burn his own hair is a "religious exercise" or "religious practice." Defendants indicate that they researched the question and even contacted members of the religions and were told they could not confirm that as a practice. Further, Defendants provided Plaintiff with additional contact information with others who were members of these religions and Plaintiff still has not provided any evidence that burning his hair is at all a part of these religions or any other. "[A] prisoner is not entitled to an accommodation under RLUIPA merely because he labels an activity that he wishes to engage in 'religious.'" *See Starr v. Cox*, No. 05-CV-368-JD, 2006 WL 1575744, at *2 (D.N.H. June 5, 2006). In some pleadings, Plaintiff maintains that he must burn his own hair. He then offers as an alternative option that: he "put [his] discarded hair into a red toxic waste bag and personally place it into a toxic waste dumpster." Dkt. 39-1, at 19. Whether Plaintiff's purported belief - that he must personally burn his own hair - is sincerely held is called into question.

Further, to the extent that the Report and Recommendation urges a finding that Plaintiff has shown that Defendant's proffered accommodation that Plaintiff place his hair in a red waste bag and that the Chaplin then place the bag in the toxic waste dumpster places a "substantial burden" on his religious exercise, this recommendation should be rejected. Plaintiff has not carried his burden. Plaintiff, in a self serving affidavit, states that Defendants' accommodation is "too onerous." Plaintiff fails to show how his proffered solution of him placing the bag of

ORDER ON REPORT AND
RECOMMENDATION- 5

discarded hair into the dumpster differs enough from Defendants' version (that the Chaplin do it) such that it results in them "substantially burden" his religious practice. Although the Report and Recommendation focuses on the fact that the accommodation does not allow him to burn his own hair, Plaintiff does not require it as shown by the fact that he has proffered an alternative (that he place the hair in a red toxic waste bag and then he throw the bag away). Plaintiff has not carried his burden on this issue. As a consequence, his claim should be dismissed.

Further, Defendants indicate that although Plaintiff has refused to engage with them in a discussion of another alternative, they are still willing to explore other alternatives with him if he engages in a good faith manner.

## C. DEFENDANTS' OBJECTIONS REGARDING ADA and RA CLAIMS

"Title I of the ADA prohibits discrimination 'against a qualified individual on the basis of disability in regard to ... [the] privileges of employment.'" *Castle v. Eurofresh, Inc*., 731 F.3d 901, 906 (9th Cir. 2013)(*quoting* 42 U.S.C. § 12112(a) (*emphasis added*)). Title II of the ADA protects against discrimination with regard to the provision of the benefits of a prison's "services, programs, or activities on account of a prisoner's disability." *Id.*, at 909.

On the outset, the undersigned notes that the exact nature of Plaintiff's ADA claim is not clear. He references the ADA generally in some pleadings while discussing employment discrimination (*See E.g*. Dkt. 21, at 17-19), and then uses the test for an ADA Title II violation in other pleadings (*See E.g*. Dkt. 28, at 10-12).

To the extent that Plaintiff makes an ADA claim pursuant to Title I, his claim should be dismissed. Defendants argue that Title I of the ADA does not apply prisoners. Dkt. 48. In 2013, the Ninth Circuit held that because Arizona prisoners were required to work, they were not "employees" as defined in the ADA, and so were not entitled to protection under Title I of the ADA. *Castle v. Eurofresh*, Inc., 731 F.3d 901, 906 (9th Cir. 2013). It noted that "the economic

reality of the relationship between the worker and the entity for which work was performed lies in the relationship between prison and prisoner. It is penological, not pecuniary." *Id*., at 907. This Court need not reach the question of whether the holding in *Castle* applies to Washington prisoners because Plaintiff's Title I claim under the ADA fails because this Court lacks subject matter jurisdiction to hear it.

A claim for a violation of Title I of the ADA "requires an employee first to file a charge with the [Equal Employment Opportunity Commission ("EEOC")] in a timely manner." *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999)(*citing* 42 U.S.C. § 12117(a)). Plaintiff has not shown that he exhausted his administrative remedies with the EEOC with respect to his Title I claim. To the extent that he raises an employment discrimination claim under Title I of the ADA, it should be dismissed because this Court lacks subject matter jurisdiction over the claim. *Id.*

Title II of the ADA does not apply to employment, and so to the extent that Plaintiff's claim is for disability discrimination in employment under the Title II of the ADA, it should be dismissed. *Zimmerman v. Oregon Dep't of Justice,* 170 F.3d 1169, 1174 (9th Cir. 1999).

To the extent that Plaintiff's claim under Title II is for discrimination in the provision of benefits, it need not be exhausted with the EEOC. *Zimmerman,* at 1175. This Court has subject matter jurisdiction to consider Plaintiff's ADA Title II discrimination in the provision of benefits claim.

To prove that a public program or service violated Title II of the ADA, a plaintiff must demonstrate that: (1) they are a qualified individual with a disability; (2) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of their disability. *Duvall v. Cnty. of Kitsap*,

ORDER ON REPORT AND
RECOMMENDATION- 7

260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001). To make a claim under §504 of the RA, a plaintiff must show that: (1) they are an individual with a disability; (2) they are otherwise qualified to receive the benefit; (3) they were denied the benefits of the program solely by reason of their disability; and (4) the program receives federal financial assistance. *Id.* The tests for both the RA and the ADA are so similar, and differ in no material aspect here, they should be analyzed together. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 795 F.3d 1067, 1083 (9th Cir. 2015). In order to show that an entity violated either the Rehabilitation Act or the ADA, a plaintiff must show that "that the public entity denied the plaintiff a reasonable accommodation." *Id.* Plaintiff has the burden to make his *prima facia* case. *Id.*

A public entity can be liable for damages under Title II of the ADA or § 504 of the RA "if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons." *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008). Deliberate indifference requires: (1) "knowledge that a harm to a federally protected right is substantially likely, and" (2) "a failure to act upon that likelihood." *Duvall*, at 1139.

The Report and Recommendation recommends that Defendants' motion to summarily dismiss Plaintiff's claim for damages under the RA and ADA be granted. The Report and Recommendation recommends that Plaintiff's claims for injunctive relief for disability discrimination in the prison work programs under both the RA and Title II of the ADA not be dismissed.

As to whether Plaintiff is a "qualified individual with a disability," the Report and Recommendation urges a finding that Plaintiff has demonstrated sufficient issues of fact. The Report and Recommendation provides:

> [P]laintiff's verified complaint alleges that he was employed in the kitchen and that he was disciplined for his inability to attend work due to his alleged CFS.

>    Defendants argue that because plaintiff's sentence is life without parole and his desired privileges – early release time, classification status and less restrictive housing – are not possible for his specific sentence. However, even accepting defendants' argument, defendants do not provide any evidence that plaintiff may not be qualified for participation in other offender work programs. Thus, plaintiff has established an issue of fact as to whether he is otherwise qualified for the public benefit he seeks, participation in the offender work program.

Dkt. 42, at 56-57 (*citations to the record omitted*).

Defendants object to this finding, and argue that Plaintiff has not sufficiently demonstrated that there are issues of fact as to whether he is a "qualified individual with a disability." Defendants' objection has merit. As to Plaintiff's claim for injunctive relief under the Rehabilitation Act (and the ADA), the Report and Recommendation should not be adopted. Plaintiff's claims should be dismissed. Plaintiff, not Defendants, bears the burden to point to a particular position or program and show that he is "qualified" for that position, that is, he bears the burden of demonstrating that he can "perform the essential functions of [his] job with or without reasonable accommodation." *Kennedy v. Applause, Inc*., 90 F.3d 1477, 1481 (9th Cir. 1996). To the extent that the Report and Recommendation found that Defendants failed to make their showing on this issue, this finding was in error. Plaintiff had the burden and he failed to make the required showing. Plaintiff has only shown that he had a job and that he was disciplined for not attending work. This claim should be dismissed.

Further, to the extent that he is basing his RA and Title II of the ADA claims on other non-work related offender programs, Plaintiff has failed to identify any program that he is qualified to participate in, with or without accommodations, and which his participation was denied due to his disability. Defendants also point out that at least a part of Plaintiff's claims turn on the failure to properly diagnose his alleged CFS, and that under *Simmons v. Navajo Co., Arizona,* 609 F.3d 1011, 1022 (9th Cir. 2010), the RA and ADA do not provide causes of action for challenges to a prisoner's medical care. Dkt. 48. Defendants are correct, to the extent that

1   Plaintiff bases his Rehabilitation and ADA claims on the purported inadequate provision of
2   medical care, the claim should be dismissed under *Simmons.*
3       The Report and Recommendation should be adopted regarding Plaintiff's claims for damages
4   under the RA and ADA, and should not be adopted as to Plaintiff's claims for injunctive relief
5   those statues.  Plaintiff's claims under the RA and ADA should be dismissed.

6       **D.  PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

7       Plaintiff files several pages of objections to the Report and Recommendation that largely
8   echo arguments raised in the initial pleadings.  His objections do not provide a basis to reject the
9   Report and Recommendation.
10      Plaintiff argues that the Report and Recommendation improperly recommends dismissal of
11  his § 1983 claims against several named supervisors.  He again argues that certain of these
12  supervisors adopted policies are "a repudiation of constitutional rights" and are "the moving
13  force of the constitutional violation."  Plaintiff's arguments do not justify rejecting the Report
14  and Recommendation.  The Report and Recommendation properly points out that Plaintiff failed
15  to present evidence on how his constitutional rights were violated.  He has also failed to do so in
16  his objections.  The recommendation of dismissal of these supervisors is proper.
17      Plaintiff's arguments regarding his Eighth Amendment claim are substantially similar to
18  those raised in his prior pleadings and are addressed in the Report and Recommendation.
19      As to his ADA/Rehabilitation Act claims Plaintiff again argues that the state excluded his
20  CFS from the prison medical program.  Despite how he attempts to couch the claim, as stated
21  above, Plaintiff's claims turn on the failure to properly diagnose his alleged CFS, and under
22  *Simmons* that claim is barred.
23
24

Plaintiff argues that the Report and Recommendation failed to consider his First Amendment and access to the courts claims. Plaintiff is in error, the Report and Recommendation addresses those claims. Dkt. 42, at 24-27.

Plaintiff's argument that he should be entitled to further discovery should be denied. Fed. R. Civ. P. 56 (d) provides that if the non-moving party shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

To the extent Plaintiff seeks a Rule 56 (d) continuance, his motion should be denied. Plaintiff has failed to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Plaintiff has not shown that he should be given more discovery.

This Report and Recommendation was originally filed on August 28, 2015. Dkt. 42. Plaintiff has sought and received multiple extensions of time and opportunities to raise issues related to the dispensation of the Report and Recommendation. He has failed to show that the Report and Recommendation should not be adopted as to the claims it recommends be dismissed. He has not shown that the remaining claims should also not be dismissed.

**E.  STATE LAW CLAIMS**

Plaintiff makes claims under the Washington State Constitution for: (1) violation of his due process rights; (2) violation of his "freedom of expression, useful information, personal growth and development" rights; and (3) "cruel punishment." Dkt. 21.

1       Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental
2  jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law,
3  (2) the state claims substantially predominate over the claim which the district court has original
4  jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,
5  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
6  "While discretion to decline to exercise supplemental jurisdiction over state law claims is
7  triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of
8  economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999,
9  1001 (9th Cir. 1997)(*internal citations omitted*).

10      Here, two of the four conditions in § 1367(c) are present.  As above, all of plaintiff's
11  federal claims have been dismissed.  Accordingly, this Court has "dismissed all claims over
12  which it has original jurisdiction," and so has discretion to decline to exercise supplemental
13  jurisdiction over the state law claims under § 1367(c)(3).  Moreover, the remaining state claims
14  may "raise novel or complex issues of state law" under § 1367(c)(1), determinations for which
15  the state court is uniquely suited.  The values of economy, convenience fairness and comity may
16  well be served by this Court's declining to exercise supplemental jurisdiction.  *See Acri v. Varian
17  Associates, Inc*., 114 F.3d at 1001.  Further, the parties did not raise substantial objections to the
18  recommendation that the Court decline to exercise supplemental jurisdiction over the state law
19  claims.

20     The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and
21  these claims are dismissed without prejudice.

22     **F.  CONCLUSION REGARDING REPORT AND RECOMMENDATION**

23     The Report and Recommendation should be adopted except for the recommendations that
24  Plaintiff's claims for injunctive relief under RLUIPA, the ADA and RA not be dismissed.  Those

claims should be dismissed as well.  The Court declines to exercise supplemental jurisdiction state law claims, and they should be dismissed without prejudice.  This case is closed.

### III.     ORDER

- Plaintiff's Motion for Appointment of Counsel (Dkt. 56) **IS DENIED**;

- The Report and Recommendation (Dkt. 42) **IS ADOPTED**, except for the recommendations that Plaintiff's claims for injunctive relief under RLUIPA, the ADA and Rehabilitation Act not be dismissed, those claims are dismissed as well;

- The federal claims **ARE DISMISSED**; and

- The state law claims **ARE DISMISSED WITHOUT PREJUDICE**;

- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge J. Richard Creatura, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of November, 2015.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge